UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br>     Plaintiff, <br><br> v. <br><br> **BRADLEY A. WHITE,** <br>     Defendant. | CRIMINAL NO. 5:18-CR-67-KKC-CJS-1 <br><br> <u>**OPINION & ORDER**</u> |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on defendant Bradley White's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 141). For the following reasons, White's motion is denied.

On September 27, 2018, White pled guilty pursuant to a plea agreement to Count 1 of the Indictment, which was conspiracy to distribute 40 grams or more of a mixture or substance containing fentanyl and heroin. (DEs 45 & 46). He was then sentenced on February 14, 2019, to one-hundred sixty months imprisonment followed by eight years of supervised release. (DE 73). The remaining counts in the Indictment were dismissed upon sentencing. *Id.* White is currently housed at FCI Greenville and his projected release date is December 3, 2029. White now moves for compassionate release on the basis of an alleged medical condition that he claims is an extraordinary and compelling reason justifying release.

I.

Prior to enactment of the First Step Act, courts could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. See 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the Court to grant a motion filed by the defendant himself "after the defendant has fully

1

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " § 3582(c)(1)(A). The Government disputes whether White has properly exhausted his administrative rights. BOP records show that White applied for a sentence reduction on August 10, 2023, and the Warden denied the request on August 31, 2023. (DE 144-1, p. 1, 5).  After his request was denied, White did not appeal to the proper authorities in BOP. (DE 144, p. 2). Because White did not appeal the denial of his request, he has not exhausted his administrative remedies and his motion fails. Nonetheless, the Court will continue its analysis.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The Court may grant this relief only if it finds (1) "extraordinary and compelling reasons warrant" a reduction, (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the reduction is consistent with applicable sentencing factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1107-8, 1111 (6th Cir. 2020).

For prong one, recent amendments to the Sentencing Guidelines provide that extraordinary and compelling reasons may exist to reduce a defendant's sentence if the defendant is suffering from a health crisis. See U.S.S.G. § 1B1.13(b). A health crisis does not justify release, however, where that crisis can be managed in prison and where that crisis does not affect the defendant's ability to provide self-care. *See United States v. Pratt*, No. 21-6013, 2022 WL 1294435, at *2–3 (6th Cir. Mar. 15, 2022); *see also United States v. Slone*, No. 7:12-05-KKC-4, 2021 WL 164553, at *1 (E.D. Ky. Jan. 19, 2021) (holding that inmate who

suffered from heart disease and other conditions did not establish extraordinary and compelling reasons for compassionate release because his conditions did not diminish his ability to provide self-care within the prison environment).

White bases his motion on a medical condition. White states that he has been a paraplegic for six years and that condition leaves him partially disabled. (DE 144-1, p. 3). White states that he is capable of some self care, but there are things he needs help with. (*Id.*) White has not described his limitations in detail and has not explained what he needs help with. The government has provided evidence that White does not have a disabling condition and is capable of taking care of himself. (*Id.* at p. 5). Accordingly, White has not provided an extraordinary and compelling reason because he has provided no evidence that he is suffering from a health crisis and is unable to take care of himself.

Even if the Court were to find that White presents extraordinary and compelling reasons which warrant relief, it must still consider whether the Section 3553(a) factors support the requested relief. *Jones*, 980 F.3d at 1103. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   B. to afford adequate deterrence to criminal conduct;
>   C. to protect the public from further crimes of the defendant; and
>   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available.

18 U.SC. § 3553(a)(1)-(3). The Section 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors thoroughly and extensively at White's sentencing. The investigation into White revealed that he was involved in a conspiracy to distribute fentanyl from November 1, 2017, until March 18, 2018. (PSR ¶ 1). On four separate occasions, a cooperating witness ("CW") purchased drugs from White and his co-defendant. (PSR ¶¶ 6-9). For each of the controlled purchases, White made arrangements with the CW and then directed his co-defendant to White's drug supply and the pre-arranged location to meet the CW. *Id*. White was found to be responsible for 22.55 grams of heroin, 62.37 grams of a heroin and fentanyl mixture, and 55.73 grams of fentanyl. (PSR ¶ 10).

White also has an extensive criminal history. (PSR ¶ 60). His prior convicted offenses include ten drug related convictions, theft, fleeing & eluding law enforcement, violent crimes, and traffic violations. (PSR ¶¶ 26-43). Several of those offenses were committed while on probation for a separate convicted offense. (PSR ¶¶ 26, 27, 30- 32, 34, 37, and 39). Further, while White has been serving his sentence for this case he has refused to obey corrections officers and has been found with contraband. (DE 144-2, p. 1-2).

The characteristics of the offense and White's history cut against granting this motion. Additionally, releasing White early would cut against deterring criminal conduct. Because White has been involved in multiple offenses while serving his current sentence, and has committed additional crimes while on probation in the past, releasing him early would not protect the public from potential further crimes. Accordingly, the Court finds that the § 3553(a) factors continue to support White's sentence.

### III.

For the foregoing reasons, the Court ORDERS that

(1) White's motion for compassionate release (DE 141) is DENIED; and

(2) the United States' motion for an extension of time (DE 143) is GRANTED.

July 2, 2025

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY